THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error, v. JOHN J. HOUGHTON, Plaintiff in Error.

*Evidence — a wife cannot testify against her husband on a criminal trial — chapter 182 of 1876, section 2.*

Under section 2 of chapter 182 of 1876, a wife cannot, though willing so to do, be allowed to testify against her husband upon his trial for bigamy.

Writ of error to the Court of Sessions of Westchester county, to review the conviction of the plaintiff in error of bigamy.

*Martin J. Keogh*, for the plaintiff in error.

*Nelson H. Baker*, district attorney, for the People.

Dykman, J. :

The defendant was indicted for bigamy and brought to trial at the Westchester Sessions in September, 1880. At the trial the public prosecutor brought against the accused his wife as a witness, and the objection was made to her that she was incompetent, although willing to testify against her husband. The objection was overruled, the defendant's counsel excepted, and she was sworn and examined as a witness, and gave material and damaging testimony against her husband, and he was convicted. Now the record is brought to us, and we are required to find whether there is error. By the rules of evidence prevalent at common law, neither husband nor wife is permitted to testify for or against each other in any action, civil or criminal. The rule has its foundation in the identity of their rights and concerns, the interest of civil society, and the sanctities of the marriage relation, and it is enforced by the courts with much strictness. Some exceptions there are where the wife would otherwise be exposed to personal injury without remedy. The rigor of this severe rule has been much softened in this State in its application to civil actions, but nothing was accomplished in the direction of criminal prosecutions until 1876, when the legislature made the following provision : " In all criminal trials and examinations

before trial, a husband or wife may be examined as a witness in behalf of the other, but upon no such trial or examination shall a husband or wife be compelled to testify against the other." (Chapter 182 of Laws of 1876, § 2.) It required legislative action to abrogate or change the old rule prevailing here, and we must find how far this statute is operative in that direction. It is a statute in derogation of the common law, and can be permitted to accomplish nothing beyond what is fairly intended. It is first affirmatively enacted that a husband or wife may be examined as a witness for the other in a criminal prosecution, and further the statute does not provide affirmatively. What follows is a provision that on no criminal trial or examination shall husband or wife be compelled to testify against the other. These are negative words only, and make no innovation or relaxation of the old rule of law. Probably their true intention and operation will be found in preventing the elicitation of testimony from husband or wife against each other after being called in their behalf. Substantially the same view of this statute was taken in the *Brigg's case* (60 How., 17). If it had been the intention of the statute makers to break down the barrier protecting the husband and wife from the testimony of the other in criminal prosecutions, it would not have been left to inference or implication, and we are not at liberty to resort to either to find it.

In this case the court proceeded on the theory that the wife was competent but not compellable, and might testify of her free will; but as we have seen already, the statute affirms her competency only in favor of her husband and not against him. The testimony of the wife was material and serious against her husband, and we cannot say his conviction could have been secured in its absence. Our conclusion is that its admission was error, requiring the reversal of the conviction. Other questions are presented, but their examination is not necessary in view of the allowance of a new trial.

The conviction should be reversed and new trial ordered.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment and conviction reversed, and new trial granted.